IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JHOAN ESCOBAR-GRAJALES,**
**D.O.C. # C05505,**
**ALIEN # A-057-875-169,**

    Petitioner,

vs.                                        Case No. 4:14cv425-RH/CAS

**UNITED STATES DEPARTMENT**
**OF JUSTICE EXECUTIVE OFFICE**
**FOR IMMIGRATION REVIEW, et al.,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this § 2241 habeas petition on August 11, 2014. Doc. 1. It was thereafter transferred to this Court from the United States District Court for the Middle District of Florida because Petitioner is incarcerated at Taylor Correctional Institution which is within the jurisdiction of this Court. Doc. 3. The transfer noted the problem which has not been cured by this transfer, that Plaintiff is challenging an order of removal which is not properly filed in a federal district court. *See* doc. 3 at 1, n.1. Rather, such a case must be brought in the appropriate court of appeals pursuant to

8 U.S.C. § 1252(a)(5). That statute provides, in relevant part: "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . ." 8 U.S.C.A. § 1252(a)(5).

Petitioner challenges whether or not his conviction for vehicular homicide qualifies as a "crime involving moral turpitude" pursuant to § 1227(a)(2)(A).[1] The Eleventh Circuit Court of Appeal has jurisdiction to consider the legal question presented in this petition. Cano v. U.S. Atty. Gen., 709 F.3d 1052, 1053 (11th Cir. 2013), citing Fajardo v. U.S. Atty. Gen., 659 F.3d 1303, 1307 n. 3 (11th Cir. 2011) (quoting 8 U.S.C. § 1252(a)(2)(D) and stating "We have jurisdiction to review the 'constitutional claims or questions of law raised upon petition for review,' including the legal questions of whether [an alien's conviction] qualifies as a 'crime involving moral turpitude.' "). This Court lacks jurisdiction to entertain such a petition.

The REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005), strips district courts of habeas corpus jurisdiction over orders of removal. Section 106(a)(1) of the Act requires that the courts of appeal shall be the sole and exclusive means for judicial review of an order of removal. Had this case been pending at the time the Act was passed, it could be transferred. See Utoh v. U.S. Atty. Gen., 192 F. App'x 928, 932-33 (11th Cir. 2006) (recognizing that a § 2241 petition that was pending in the district court on the REAL ID Act's effective date was properly transferred to the circuit court).

---

[1] That statute provides that any alien who "(I) is convicted of a crime involving moral turpitude committed within five years (or 10 years in the case of an alien provided lawful permanent resident status under section 1255(j) of this title) after the date of admission, and (II) is convicted of a crime for which a sentence of one year or longer may be imposed, is deportable." 8 U.S.C. § 1227(a)(2)(A)(i).

Case No. 4:14cv425-RH/CaS

Because the petition was not pending at that time, it must be dismissed for lack of jurisdiction.

In light of the foregoing, it is respectfully **RECOMMENDED** that the habeas petition filed pursuant to § 2241, doc. 1, be **DISMISSED** because this Court lacks jurisdiction to review or dismiss an order of removal.

**IN CHAMBERS** at Tallahassee, Florida, on October 7, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**